**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Jesus Salvador RODRIGUEZ, Appellee.**

No. 14–03–00174–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 27, 2004.

David O. Wise, Austin, for appellant.

David Cunningham, Dick Psenda, Houston, for appellee.

Panel consists of Justices EDELMAN, FROST, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this concealed handgun license revocation case, the Texas Department of Public Safety ("DPS") appeals a judgment in favor of Jesus Salvador Rodriguez on the ground that the trial court erred in reversing the DPS's revocation of Rodriguez's handgun license (the "license") after he was convicted of reckless driving. We reverse and render judgment in favor of DPS.

Rodriguez was convicted of reckless driving (the "conviction") pursuant to a no contest plea and assessed a fine of $500. Based on this conviction, DPS revoked Rodriguez's handgun license. Rodriguez successfully challenged this revocation in a justice court, and the county court below affirmed that decision on the ground that the conviction was for a class C misdemeanor, as reflected in the judgment, rather than a class A or B misdemeanor, as would be required to revoke the license.

■ DPS's sole issue argues that the trial court erred in upholding the reversal of the license revocation because the reckless driving offense for which Rodriguez was convicted constitutes a class A misdemeanor for purposes of the Concealed Handgun Act[1] (the "Act") and thus warranted the revocation.

■ We review matters of statutory construction *de novo*. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex.2003). If a statute's meaning is unambiguous, we generally interpret the statute according to its plain meaning. *Id.*

With exceptions not applicable here, a concealed handgun license may be revoked

---

1. *See* Tex. Gov't Code Ann. §§ 411.171–411.208    (Vernon 1998 & Supp.2004).

if the license holder becomes ineligible for a license. TEX. GOV'T CODE ANN. § 411.186(a)(3) (Vernon Supp.2004). A person is not eligible to obtain a license if, among other things, he has been convicted of a class A misdemeanor. *See id.* § 411.172(a)(8). For this purpose, an offense is a class A misdemeanor if it is not a felony and confinement in a jail other than a state jail felony facility is affixed as a possible punishment. *See id.* § 411.172(b)(2). The offense of reckless driving is punishable, among other things, by confinement in county jail. TEX. TRANSP. CODE ANN. § 545.401(b)(2) (Vernon 1999). Therefore, it is a class A misdemeanor for purposes of the Act, the license was subject to revocation for Rodriguez's reckless driving conviction, and the revocation of the license should not have been reversed.

Rodriguez contends that the classification of his conviction as a misdemeanor is, in effect, controlled for all purposes by the "C" classification marked on the judgment and that failing to treat it as such would amount to a collateral attack on the judgment. We disagree.

First, reckless driving is defined in the Transportation Code as a single misdemeanor offense that has no further classifications. *See* TEX. TRANSP. CODE ANN. § 545.401(b). Thus, it is an offense that is punishable by fine, jail confinement, or both for any conviction. *See id.* Therefore, it has no classification for purposes *of the conviction itself.*

To the extent this type of misdemeanor must be further classified *for another purpose,* such as the civil license revocation proceeding in this case, enhancement of a subsequent criminal offense, or otherwise, that classification must be determined under applicable law,[2] and we know of no

authority allowing a trial court to override that law to prescribe an inapplicable classification for any other purposes (*i.e.,* pursuant to a plea bargain) or to require the classification of a misdemeanor to necessarily be the same for every purpose, civil and criminal. In this case, because the Act expressly provides a definition of a class A misdemeanor for the specific question before us, we are not at liberty to depart from it or apply another definition that may pertain in a different context. Accordingly, we reverse the trial court's judgment and render judgment reinstating the revocation of Rodriguez's license to carry a concealed handgun.

---

**2.** *See, e.g.,* TEX. PEN.CODE ANN. § 12.41 (Vernon    2003).