TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

Jimmy Joe HUKILL, Appellee.

No. 08–02–00542–CV.

Court of Appeals of Texas,
El Paso.

July 8, 2004.

Jean H. O'Shaw, Austin, for Appellant.

R.C. 'Eric' Augesen, Odessa, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

In this concealed handgun license case, the Texas Department of Public Safety ("DPS") appeals the trial court's order in favor of Mr. Hukill, and by two issues, argues that the trial court erred in reversing DPS's denial of Mr. Hukill's application for a license to carry a concealed handgun. We reverse and render.

On June 8, 1999, Mr. Hukill pled not guilty to driving while intoxicated, but pled guilty to the misdemeanor offense of reckless driving in the County Court of Law, Ector County, cause number 98–3567. The court assessed punishment at a fine of $200 and thirty days in the county jail. The court, however, suspended imposition of the sentence and placed Mr. Hukill on probation for a six-month term. In a nunc pro tunc order, the court characterized the offense of reckless driving as a Class C misdemeanor.[1] Based on this conviction, DPS revoked Mr. Hukill's handgun license.

It appears that Mr. Hukill did not challenge the revocation.

Mr. Hukill later re-applied for a concealed handgun license. By letter dated May 20, 2002, DPS informed Mr. Hukill that it was denying his application because he was ineligible under TEX.GOV'T CODE ANN. § 411.172(a)(8). Mr. Hukill appealed, and on July 3, 2002, the justice court affirmed the DPS's denial of his application, finding that the denial was supported by a preponderance of the evidence. Mr. Hukill appealed the justice court's order for a trial de novo in the County Court at Law No. 2, Ector County. See TEX.GOV'T CODE ANN. § 411.180(e) (Vernon Supp.2004). The county court reversed DPS's denial of Mr. Hukill's application on November 27, 2002.

In the county court's findings of fact and conclusions of law it found that: (1) prior to June 8, 1999, Mr. Hukill held a license to carry a concealed handgun; (2) that on or about June 8, 1999, the court entered an order in a cause in which Mr. Hukill was charged with driving while intoxicated; (3) the court's order found Mr. Hukill not guilty of driving while intoxicated, as charged, but guilty of reckless driving, a Class C misdemeanor; and (4) DPS denied Mr. Hukill's application to reissue a concealed handgun license upon deciding that the conviction was a Class B misdemeanor that made Mr. Hukill ineligible for the license. Based on these facts, the court concluded that the conviction was for a Class C misdemeanor, as specifically stated in the order, and that DPS "[did] not have the power or authority to arbitrarily change the Order of the County Court at Law of Ector County, Texas as to the

---

1. On July 31, 2002, Mr. Hukill filed a motion to reform the judgment and sentence in the cause 98–3567. In the motion, Mr. Hukill stated that the plea bargain was to a Class C misdemeanor and requested that the court's order be reformed to comply with the plea to a Class C misdemeanor.

classification of a violation of the laws of the State of Texas." The court further concluded that Mr. Hukill was entitled to issuance of a concealed handgun license.

### Eligibility under the Concealed Handgun License Statute

■ In Issue Two, DPS argues that the trial court erred in concluding that Mr. Hukill's reckless driving offense conviction was not a conviction which rendered Mr. Hukill ineligible for a concealed handgun license. DPS asserts that regardless of the convicting court's characterization of the offense, for the purposes of the concealed handgun statute, the legislature has defined reckless driving as a Class A misdemeanor under Section 411.172(b)(2) of the Texas Government Code because it is punishable by confinement. *See Tex. Dep't of Public Safety v. Rodriguez*, 126 S.W.3d 666, 668 (Tex.App.-Houston [14th Dist.] 2004, no pet.)(trial court's classification of reckless driving offense as a Class C misdemeanor does not override further classification for other purposes under applicable law).

■ We review matters of statutory construction *de novo*. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex.2003). We look first to the "plain and common meaning of the statute's words." *Id., quoting State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002). If a statute's meaning is unambiguous, we generally interpret the statute according to its plain meaning. *Id.*

■ Under Section 411.172(a)(8) of the concealed handgun license statute, an ap-plicant is not eligible for a license if the person has, in the five years preceding the date of application, been convicted of a Class A or Class B misdemeanor or an offense under Section 42.01 of the Penal Code.[2] *See* TEX.GOV'T CODE ANN. § 411.172(a)(8). For the purposes of the statute, an offense is a Class A misdemeanor if it is not a felony and confinement in a jail other than a state jail felony facility is affixed to the offense as a possible punishment. *See* TEX.GOV'T CODE ANN. § 411.172(b)(2). Therefore, in determining eligibility for a concealed handgun license, all misdemeanor offenses punishable by confinement are classified as Class A misdemeanors. The offense of reckless driving is punishable by a fine not to exceed $200, confinement in a county jail for not more than thirty days, or both the fine and confinement. *See* TEX. TRANSP.CODE ANN. § 545.401 (Vernon 1999).

In Mr. Hukill's case, he was convicted of reckless driving and sentenced to pay a fine and to be confined in the county jail for thirty days, probated. Mr. Hukill's conviction occurred on June 8, 1999, and for purposes of the statute constitutes a Class A misdemeanor. DPS did not improperly deny Mr. Hukill's 2002 application because five years had not passed from the date of the conviction. *See* TEX. GOV'T CODE ANN. § 411.172(a)(8). Therefore, we conclude the trial court erred in reversing DPS's denial of Mr. Hukill's application for a concealed handgun license. Issue Two is sustained.[3]

---

2. The term "convicted" is defined in Section 411.171(4) to mean an adjudication of guilt or an order of deferred adjudication, whether or not the imposition of the sentence is subsequently probated and the person is discharged from community supervision. TEX.GOV'T CODE ANN. § 411.171(4)(Vernon Supp. 2004).

3. It is unnecessary to address DPS's contentions raised in Issue One regarding the legal sufficiency of the trial court's findings of fact, because there is some evidence in the record to support the findings, but it is clear that the parties did not dispute the convicting court's classification of the reckless driving offense,

We reverse the order of the County Court at Law No. 2 and render judgment reinstating the Justice of the Peace Court's, Precinct 1, Ector County, order that affirmed DPS's denial of Mr. Hukill's application to carry a concealed handgun.

but rather the legal conclusion that was     drawn from that classification.